**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTOPHER OLIVER,** **Plaintiff,** | : | |
| **v.** | : | **CIVIL ACTION NO. 26-CV-5669** |
| **AYANNA LOCKWOOD,** **Defendant.** | : | |

**MEMORANDUM**

**SCHMEHL, J.** **NOVEMBER 9, 2026**

Plaintiff Christopher Oliver, a self-represented litigant currently incarcerated at the Berks County Jail, initiated this civil action naming Ayanna Lockwood as Defendant. He seeks leave to proceed *in forma pauperis*.[1] For the following reasons, the Court will grant Oliver leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice for lack of subject matter jurisdiction.

## I. FACTUAL ALLEGATIONS[2]

Oliver utilized a preprinted form Complaint to allege claims against Lockwood that are based solely on state domestic relations tort law. (*See* Compl. at 1-6.) Oliver represents that he and Lockwood are citizens of Pennsylvania, who share a child. (*Id.* at 1.) The various claims are based on a domestic incident that occurred on June 16, 2023. (*Id.*) Oliver asserts claims of assault and battery, false imprisonment, intentional infliction of emotional distress, negligence,

[1] Because Oliver commenced this civil action without either paying the required fees or submitting an application to proceed *in forma pauperis*, he was ordered to do so. (*See* ECF No. 3.) On September 22, 2026, Oliver submitted an application to proceed *in forma pauperis* and a prisoner trust fund account statement for the period of July 16, 2026 through September 2, 2026. (*See* ECF Nos. 4 and 5.) The Court will consider this to be substantial compliance with the requirements of the Prison Litigation Reform Act and the Court's prior Order.

[2] The Court adopts the sequential pagination supplied by the CM/ECF docketing system.

negligent infliction of emotional distress, intentional/negligent transmission of a sexually transmitted disease, fraud/deceit, defamation, and wiretapping. (*Id.* at 1-5.)

Oliver filed virtually identical claims in a prior matter in this court. *See Oliver v. Lockwood*, Civ. A. No. 23-4656 (E.D. Pa.) at ECF No. 1. In that case, the Court granted Oliver's application to proceed *in forma pauperis*, screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2(B), and dismissed the claims without prejudice for lack of subject matter jurisdiction. *See* Civ. A. No. 23-4656 at ECF Nos. 7, 8. Oliver appealed the dismissal of his "private criminal complaint," and his appeal was dismissed for failure to timely prosecute. *See id.* at ECF Nos. 11, 14.

## II. STANDARD OF REVIEW

The Court will grant Oliver leave to proceed *in forma pauperis* because it appears that he is incapable of prepaying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B) requires the Court to dismiss the Complaint if it is frivolous, malicious, it fails to state a claim for relief, or seeks relief from an immune defendant. Pursuant to § 1915(e)(2)(B)(ii), the Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 566 (2007)); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in a *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds*

[3] Since Oliver is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). As Oliver is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

Additionally, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III. DISCUSSION

Oliver's claims in the present case suffer from the same defects as the claims he previously raised in Civil Action No. 23-4656. As the Court explained to Oliver in that case, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For this reason, "most cases belong in state court." *Degennaro v. Grabelle*, No. 21-1536, 2021 WL 5445809, at *1 (3d Cir. Nov. 22, 2021). A plaintiff bringing a lawsuit in federal court has an obligation to show the grounds for the court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1). If a court determines at any time that federal jurisdiction is lacking, the court must dismiss the case. Fed. R. Civ. P. 12(h)(3). Cases that can be heard in federal court include cases based on federal law ("federal question jurisdiction"), *see* 28 U.S.C. § 1331, and cases in which the plaintiffs and defendants are citizens of different states and the amount in controversy is at least $75,000 ("diversity jurisdiction"), *see* 28 U.S.C. § 1332(a).

Even liberally construing the allegations of the Complaint, the Court can discern no plausible basis for a claim based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Rather, Oliver presents tort claims under Pennsylvania law.[4] *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999) (stating that liberal construction of a pro se complaint requires that a court "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name"). Furthermore, there is no basis for the Court's independent jurisdiction over those claims because § 1332(a) only grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Benefit Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).

An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010). Diversity is determined at the time the complaint is filed. *Frett-Smith v. Vanterpool*, 511 F.3d 396, 399 n.4 (3d Cir. 2008). As stated, it is the plaintiff's burden to establish federal jurisdiction. *See Lincoln Ben. Life Co.*, 800 F.3d at 105; *see also Gibbs v. Buck*, 307 U.S. 66, 72

[4] The form that Oliver utilized to present his claims appears to be a Lexis Pennsylvania form titled "FORM 113.01-1 Complaint – Domestic Tort." (*See* ECF No. 1 at 1.)

(1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met).

Here, diversity jurisdiction is lacking based on the face of Oliver's Complaint. In the portion of the preprinted form Complaint that asks the plaintiff to list the citizenship of the defendants, Oliver represents that both he and Defendant Lockwood are citizens of Pennsylvania. (*See* Compl. at 1.) Accordingly, the parties are not diverse and the Court cannot exercise jurisdiction over the state law claims Oliver seeks to pursue. *See Williams v. Francois*, No. 22-3339, 2023 WL 2203570, at *2 (3d Cir. Feb. 24, 2023) (*per curiam*) (affirming *sua sponte* dismissal of state law claims for lack of subject matter jurisdiction where plaintiff failed to adequately allege the citizenship of any party to the action). Because the Court lacks subject matter jurisdiction, Oliver's claims will be dismissed without prejudice. *See Merritts v. Richards*, 62 F.4th 764, 772 (3d Cir. 2023) (stating that a dismissal for lack of jurisdiction should normally be without prejudice).

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Oliver leave to proceed *in forma pauperis* and dismiss his Complaint. Under the circumstances of this case, Oliver will not be given leave to amend because it appears that amendment of the jurisdictional allegations would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Additionally, Oliver is cautioned that if he files another civil action based on the same claims, the filing will be considered malicious and will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

An appropriate Order follows which shall be docketed separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ Jeffrey L. Schmehl*

**JEFFREY L. SCHMEHL**
**United States District Court Judge**